JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-04251-RGK;<br>2:12-bk-50767; 2:13-ap-01854 | Date | February 01, 2018 |
|---|---|---|---|
| Title | *In re: The Woman's Club of Hollywood, California* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Re: Appeal from the Bankruptcy Court's Judgment in Favor of Alda Shelton on Plaintiff's First Amended Complaint**

## I.   INTRODUCTION

The Woman's Club of Hollywood, California ("the Club") filed for Chapter 11 Bankruptcy in December 2012. Following the Club's bankruptcy proceeding, Appellant Heide Kurtz ("Kurtz"), the Club's alleged Plan Trustee, sued several of the Club's directors, including Alda Shelton ("Shelton") and its CEO Jennifer Morgan ("Morgan"). In relevant part, the bankruptcy court found in favor of Shelton but against Morgan on Kurtz's breach of fiduciary duty claim.

Kurtz now appeals the bankruptcy court's judgment in favor of Shelton. The Court will address a separate appeal and cross-appeal as to the judgment against Morgan by separate order. For the following reasons, the Court **AFFIRMS** the judgment of the bankruptcy court in favor of Shelton.

## II.   JURISDICTIONAL BASIS

This Court has jurisdiction to review the decision of the United States Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1).

## III.   FACTUAL BACKGROUND

Heide Kurtz is the Chapter 11 Trustee for the bankruptcy estate, The Woman's Club of Hollywood, California. The Club is a non-profit organization located at 1741, 1749, and 1751 North La Brea Avenue, Los Angeles, California 90046, APN 5548001008 ("the Property"). The Club earned income by renting out its facilities. Shelton was a member of the Club's Board of Directors, its

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-04251-RGK;<br>2:12-bk-50767; 2:13-ap-01854 | Date | February 01, 2018 |
|----------|------|------|------|
| Title | ***In re: The Woman's Club of Hollywood, California*** | | |

Secretary, and its counsel. Morgan was also a member of the Club's Board of Directors and its Chief Executive Officer.

The Club began experiencing financial hardship, and in January 2011 the Club filed for bankruptcy. The bankruptcy case was dismissed a few months later. In August 2011, Morgan obtained a loan for $700,000 from Scapa & Associates ("the Scapa loan") at 12% interest, secured by a deed of trust on the Property. Shelton received $100,000 from the loan proceeds, and Morgan received $120,216.73.

The Club filed for bankruptcy a second time in early 2012, and again the case was dismissed. The Club then defaulted on its loans, Scapa scheduled a foreclosure sale, and the Club filed a third voluntary petition under Chapter 11 of the Bankruptcy Code, which initiated the bankruptcy proceedings underlying this case. Kurtz was appointed Chapter 11 Trustee per court order on January 17, 2013. The Chapter 11 Plan allowed the Club to keep its Property but required it to repay Scapa over $1.6 million.

Kurtz then filed a complaint initiating an adversary proceeding in bankruptcy court against several officers and directors of the Club, including Shelton and Morgan. (*See* Case No. 2:12-bk-50767-BR.) Kurtz argued Shelton and Morgan breached their fiduciary duties to the Club and caused damages in the amount of at least $2,786,644.99. Kurtz calculated the damages claimed based on the cost of the Scapa Loan and all costs incurred as a result of the bankruptcy proceedings, including the Chapter 11 fees and the cost of expert reports related to the litigation.

After a six-day bench trial, the bankruptcy court entered judgment in favor of Shelton but against Morgan on Kurtz's breach of fiduciary duty claim. The court announced its rulings and findings of fact on the record during a post-trial hearing; no separate written order was filed with the court's judgment. Specifically, the Bankruptcy Court found Shelton is a fiduciary of the Club. It did not, however, find that Shelton breached her fiduciary duties to the Club or caused damages to the Club.

On June 8, 2017, Kurtz filed a timely appeal of the bankruptcy court's judgment in favor of Shelton.

## IV.   QUESTIONS PRESENTED

(1) Whether the bankruptcy court erred in finding no liability as to Defendant Alda Shelton.

(2) Whether the bankruptcy court erred in striking the trial declaration and excluding the trial testimony of Trustee's expert witness Don T. Fife, CPA.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-04251-RGK;<br>2:12-bk-50767; 2:13-ap-01854 | Date | February 01, 2018 |
|---|---|---|---|
| Title | ***In re: The Woman's Club of Hollywood, California*** | | |

## V.  STANDARD OF REVIEW

A district court reviews a bankruptcy court's factual findings for clear error and its conclusions of law de novo. *In re S. Cal. Plastics, Inc.*, 165 F.3d 1243, 1245 (9th Cir. 1999); *In re Lazar*, 83 F.3d 306, 308 (9th Cir. 1996).

## VI.  DISCUSSION

### A.  Appellant's Failure to Comply with FRBP 8014

Shelton argues Kurtz's appeal should be summarily dismissed because it failed to assert a basis for the bankruptcy court's jurisdiction,[1] stated only that the appeal is from a judgment (as opposed to a final judgment), and included no summary of argument section as required by Federal Rule of Bankruptcy Procedure ("FRBP") 8014.

"An appeal may be involuntarily dismissed based on an appellant's failure to comply with the procedural rules governing the presentation of briefs on appeal." *In re Hernandez*, No. AP 14-04144, 2015 WL 6736698, at *2 (B.A.P. 9th Cir. Nov. 3, 2015) (citations omitted). In *In re Hernandez*, for example, the appellate court addressed a brief that omitted a jurisdictional statement, a concise statement of the relevant standard of review for each issue, a concise statement of the facts and procedural history, and correct citations to legal authority and the record. *Id.* The court dismissed the appeal because these deficiencies inhibited the court's ability to ascertain the appellant's arguments and the appeal otherwise appeared unmeritorious. *Id.* If a brief contains only minor deficiencies, the Ninth Circuit is generally more tolerant and will consider the appeal on its merits. *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997).

Here, Kurtz's violations do not rise to a level that prevents us from determining her arguments or locating the relevant portions of the record. In this case, the Court will overlook Kurtz's errors and analyze her appeal on the merits.

---

[1] The Court does not interpret Shelton's argument regarding Kurtz's failure to include the requisite jurisdictional statement as a substantive challenge to the bankruptcy court's jurisdiction. To the extent it was intended as such a challenge, it is overruled for the reasons stated in the Court's concurrently issued Order Re: Appeal and Cross-Appeal from the Bankruptcy Court's Judgment Against Jennifer Morgan.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-04251-RGK;<br>2:12-bk-50767; 2:13-ap-01854 | Date | February 01, 2018 |
|---|---|---|---|
| Title | *In re: The Woman's Club of Hollywood, California* | | |

Shelton separately moves the Court to strike (1) Kurtz's Issues on Appeal for failure to include a concise statement of the applicable standard of appellate review as required by FRBP 8014(a)(5); and (2) Kurtz's Introduction as unauthorized by FRBP 8014 and for failure to contain citations to the record. As above, the Court in its discretion declines to strike these sections of Kurtz's brief.

### B.  Motion to Strike Evidence Not Established as Part of the Record

Shelton moves to strike the alleged Order Appointing a Chapter 11 Trustee ("Appointment Order"); the alleged Chapter 11 Plan of Reorganization ("Chapter 11 Plan"); the alleged Order Approving Plan of Reorganization ("Confirmation Order"); and any arguments based on the above documents because they are not part of the underlying record. Kurtz does not rely on the Appointment Order anywhere in her Opening or Reply Brief, and so the Court does not rely on it in its analysis. As explained in the Court's discussion of standing below, Shelton's motion to strike the Chapter 11 Plan and Confirmation Order are overruled.

Shelton separately moves to strike all additional exhibits that Kurtz failed to establish were admitted or that misrepresent the evidence. To the extent the Court relies on any of the challenged exhibits, Shelton's motion to strike is denied.

### C.  Standing

Shelton argues Kurtz presented no evidence of standing. The Court reviews questions of standing de novo but reviews the trial court's underlying factual findings for clear error. *Am.–Arab Anti–Discrimination Comm. v. Thornburgh*, 970 F.2d 501, 506 (9th Cir. 1991).

"A federal court, including the bankruptcy court, has a duty to examine the standing issue for jurisdictional purposes." § 2:46.Standing, 1 Bankruptcy Law Manual § 2:46 (5th ed.); *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (explaining that the standing doctrine limits federal court jurisdiction). It is well established that standing consists of three elements: (1) injury in fact; (2) causation; and (3) redressability. *Id.* at 560–61. Generally, "[a] bankruptcy trustee is the representative of the bankrupt estate and has the capacity to sue and be sued." *Smith v. Arthur Andersen LLP,* 421 F.3d 989, 1002 (9th Cir. 2005) (citing 11 U.S.C. § 323).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-04251-RGK;<br>2:12-bk-50767; 2:13-ap-01854 | Date | February 01, 2018 |
|---|---|---|---|
| Title | *In re: The Woman's Club of Hollywood, California* | | |

As requested in Kurtz's Post-Trial Brief,[2] the bankruptcy court took judicial notice of the Chapter 11 Plan and the Confirmation Order before concluding that Kurtz had standing. (*See* May 17 Trial Tr. at 43:18–23, ECF No. 9-59 ("[J]udicial notice is appropriate . . . . [U]nder the plan, clearly, the Trustee has standing.").)

Judicial notice can be taken of any documents not subject to reasonable dispute and can be taken at any time, including after trial. Fed. R. Evid. 201(b). Taking judicial notice of these documents was not an abuse of discretion. *See Ritter v. Hughes Aircraft Co.*, 58 F.3d 454 (9th Cir. 1995) (holding the trial court's decision to take judicial notice is reviewed for abuse of discretion). Morgan argues that neither the Chapter 11 Plan nor the Confirmation Order were admitted as trial exhibits, and that this Court consequently cannot consider them on appeal. Contrary to Morgan's argument, those documents became part of the record when the bankruptcy court took judicial notice of them. *See United States v. Sanchez-Lopez*, 879 F.2d 541, 548 (9th Cir. 1989) (holding that under Federal Rule of Appellate Procedure 10(a), exhibits and papers filed with the trial court or admitted into evidence are part of the appellate record). Those documents establish that Kurtz was first the Chapter 11 Trustee and then became the Plan Trustee, and they further establish that the Plan Trustee had the rights to continue the suit in place of the Chapter 11 trustee. As Plan Trustee, Kurtz had standing. *See Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005); 7-1123 Collier on Bankruptcy P 1123.02 (16th ed. 2017).

The Court accordingly affirms the bankruptcy court's conclusion that Kurtz had standing.

### D.      Shelton's Liability

To establish breach of fiduciary duty, Kurtz had to prove: (1) the existence of a fiduciary duty; (2) a breach of that duty; and (3) damage caused by the breach. *Pellegrini v. Weiss*, 165 Cal. App. 4th 515, 524 (2008). The parties' arguments on appeal as to breach and damages are addressed below.

#### 1.      *Breach of Fiduciary Duty*

Officers and directors of a corporation are fiduciaries of the corporation and owe the corporation the duties of care and loyalty. *See Frances T. v. Village Green Owners Ass'n*, 42 Cal. 3d 490, 513 (1986). The duty of care requires a director to act "with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances." *Berg & Berg Enters., LLC v. Boyle*, 178 Cal. App. 4th 1020, 890, 890 n. 17 (2009) (quoting Corp. C. § 309 and

---

[2] *See, e.g.*, Pl.'s Post-Trial Brief, Ex. 75 at 4215 n.125, ECF No. 16-2.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-04251-RGK; 2:12-bk-50767; 2:13-ap-01854 | Date | February 01, 2018 |
|---|---|---|---|
| Title | ***In re: The Woman's Club of Hollywood, California*** | | |

explaining that the duty of care is derived from common law). The duty of loyalty prohibits a director from acting in his or her "own self-interest when the interests of the corporation will be damaged thereby." *Prof'l Hockey Corp. v. World Hockey Ass'n*, 143 Cal. App. 3d 410, 415 (1983); *see also* Corp. C. § 309 (stating a director must act "in good faith,  in a manner such director believes to be in the best interests of the corporation and its shareholders").

Kurtz argues that the court found Shelton breached her fiduciary duty. This is not so. Towards the end of the post-trial hearing, after the court stated its holdings and in response to a question from Kurtz's counsel, the court stated "yes, [the loan] was not approved, the breach of duty." (*See* May 17, 2017 Trial Tr. at 69, ECF No. 9-59.) But in relaying the court's holdings, the court explicitly stated its conclusion that there was no breach of fiduciary duty as to Shelton three times. (*See Id.* at 62:22–63:9 ("As far as Ms. Shelton is concerned, . . . I see no breach of fiduciary duty. . . . [T]here's no breach of fiduciary duty . . . . [I]t's clear . . . that [Shelton] didn't breach any fiduciary duty, and the money that she got . . . was a retainer.").)

Rather, at issue is whether the bankruptcy court erred in finding no breach as to Shelton. Whether Shelton breached her fiduciary duty to the Club is a question of fact reviewed for clear error. *Biren v. Equality Emergency Med. Grp., Inc.*, 102 Cal. App. 4th 125, 138 (2002).

Kurtz argues that finding no breach as to Shelton was clear error because Shelton signed and presented to Scapa a resolution that falsely stated the Club approved of entering into a $700,000 loan on June 9, 2011. Kurtz argues this conduct violated the duties of diligence, obedience, and loyalty. Each is addressed below.

First, Kurtz argues that Shelton breached the duty of diligence by signing and presenting a false resolution to obtain Scapa's approval of the unauthorized loan. But, as Shelton argues, the court made no clear finding as to whether the resolution predating the Scapa loan was in fact false. Shelton cites to her testimony that the resolution authorized Morgan to look for a loan, but not specifically to enter into the Scapa loan. (*See* March 9, 2017 Trial Tr. at 3317:21–25, ECF No. 9-63.) Shelton also cites testimony by board members that the board did in fact pass the resolution. (Response of Michael Wallace to Trustee's Request for Admissions, Ex. 37 at ¶ 52, ECF No. 9-38 ("I admit that the Resolution was passed.").) Thus the evidence on this point remains disputed. Moreover, Kurtz cites no evidence establishing that Shelton presented the resolution to Scapa.

Second, Kurtz argues that Shelton violated the duty of obedience by obtaining a loan for which there was no board approval. Absent delegation of authority in the bylaws or by formal resolution, loan transactions generally require board approval. *See* Corps. C. §§ 207, 300(a); Cal. Practice Guide: 6:371

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-04251-RGK;<br>2:12-bk-50767; 2:13-ap-01854 | Date | February 01, 2018 |
|---|---|---|---|
| Title | ***In re: The Woman's Club of Hollywood, California*** | | |

(Rutter Group). Here, the court did find there was no board approval for the Scapa loan; indeed, no one on the board admitted to voting to approve it. But the bankruptcy court never found that Shelton was responsible for obtaining the loan, and the signing of the disputed resolution is insufficient to establish otherwise.

Third, Kurtz argues that Shelton violated the duty of loyalty by obtaining a loan that the Club could not afford in order to fund a $100,000 payment to herself. As stated above, the court justifiably never found that Shelton obtained the loan, effectively undercutting Kurtz's theory of breach. Even if Shelton were responsible for obtaining the loan, the evidence supports a finding that the loan was not against the Club's interests. The evidence showed the Club was experiencing financial hardship. The Club needed money for repairs; making those repairs could have in turn resulted in higher rental income so the Club could operate at a profit once more. The court found it was impossible to obtain a loan for a lower amount because of the existing trust deeds on the property. The evidence suggested Morgan got the loan believing she could refinance the loan once the Club was collecting rental income again. That she was ultimately unable to do so does not mean obtaining the loan was in itself a breach of fiduciary duty.

Based on the evidence before the court, it was not clearly erroneous to find no breach of duty as to Shelton.

### 2. *Damages*

Separately, the court found no damages flowing from Shelton's signing of the resolution. Kurtz argues the bankruptcy court did not properly apply the law on damages because it focused on how much the defendants received rather than the harm suffered by the Club as a result of the breach of duty. Because Kurtz proved no breach as to Shelton, the issue of damages is ultimately irrelevant to her liability for breach of fiduciary duty. Nevertheless, because it provides alternative grounds for affirming the bankruptcy court's holding and because Kurtz raises the same arguments in her cross-appeal as to the bankruptcy court's judgment against Morgan, the Court will address it here.

The Court will address Kurtz's damages arguments over Shelton's objection that Kurtz waived the issue of damages by failing to preserve it in her Statement of Issues. As explained above, damages is a necessary element to prove liability for breach of fiduciary duty. In raising Shelton's overall liability as an issue on appeal, Shelton therefore contests the bankruptcy court's findings as to both breach and damages.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-04251-RGK;<br>2:12-bk-50767; 2:13-ap-01854 | | Date | February 01, 2018 |
|---|---|---|---|---|
| Title | ***In re: The Woman's Club of Hollywood, California*** | | | |

The trial court's selection of the correct legal standard for measuring damages is reviewed de novo. *United States v. Pend Oreille Cty Pub. Util. Dist. No. 1*, 135 F.3d 602, 608 (9th Cir. 1998). The computation of damages is a finding of fact reviewed under the clearly erroneous standard. *Lentini v. California Center for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir. 2004); *Sutton v. Earles*, 26 F.3d 903, 918 (9th Cir. 1994) (finding the computation of damages is clearly erroneous if it is clearly unsupported by evidence).

As Kurtz argues, "[t]he focus of an award of damages is the quantification of detriment suffered by a party." *Meister v. Mensinger*, 230 Cal. App. 4th 381, 396 (2014) (citation omitted). Kurtz argues the bankruptcy court wrongly measured damages based on the amount the wrongdoer received, rather than the harm suffered by the Club. According to Kurtz, had the bankruptcy court properly applied the law of damages it would have included the cost of the unauthorized Scapa loan in its damages calculation. This Court disagrees.

The bankruptcy court's findings are consistent with the proper legal standard for measuring damages. As stated previously, the Club needed money to make repairs and pay its debts. If the proceeds from the Scapa loan were used for these purposes, doing so breached no duty and caused no damages because it benefitted the Club. If, however, the funds were misapplied, then the Club suffered a detriment. The court below found Kurtz failed to establish that Shelton misapplied any proceeds from the Scapa loan. Shelton had a valid retainer agreement entitling her to the $100,000 she received. She therefore misapplied no corporate funds for her own benefit. This Court affirms.

### E.    Fife's Declaration and Testimony

Fife, a Certified Public Accountant with experience in bankruptcy turnaround consulting, was Kurtz's expert; his report concluded that the Scapa loan caused the Club's bankruptcy and estimated that the resulting bankruptcy administration expenses and fees constituted at least $2,786,644.99 in damages.

The bankruptcy court found Fife was not an expert in what caused the Club's bankruptcy. Separately, the bankruptcy court excluded Fife's declaration and testimony under Federal Rules of Civil Procedure 26 ("Rule 26") and 37 ("Rule 37"). Kurtz argues the exclusion of Fife's declaration and testimony under Rules 26 and 37 was an abuse of discretion.

In pertinent part, Rule 26 requires that an expert report contain any exhibits that will be used to summarize or support the expert's opinion. Fed. R. Civ. Pro. 26. Rule 37 provides that if a party fails to follow Rule 26, the party is not allowed to use it as evidence unless the party shows that its failure was substantially justified or harmless. Fed. R. Civ. Pro. 37; *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-04251-RGK;<br>2:12-bk-50767; 2:13-ap-01854 | Date | February 01, 2018 |
|---|---|---|---|
| Title | *In re: The Woman's Club of Hollywood, California* | | |

259 F.3d 1101, 1107 (9th Cir. 2001). The Ninth Circuit has held that courts should give "particularly wide latitude to the . . . [trial] court's discretion to issue sanctions" under Rule 37. *Yeti by Molly, Ltd.*, 259 F.3d at 1106. Kurtz argues that it was error to find that the expert report violated Rule 26 because there is no requirement that the documents be physically attached to the report, and the missing documents were disclosed and publicly available.

The Court need not decide the issue here. Fife's declaration is relevant only if obtaining the loan was a breach of fiduciary duty that caused the bankruptcy. Kurtz failed to appeal the bankruptcy court's finding that the loan did not cause the bankruptcy. Even if she had, as explained above, Shelton did not obtain the loan, and obtaining the loan was not itself a breach of fiduciary duty. Moreover, Kurtz no longer seeks the $2.78 million in damages described in Fife's declaration. Fife's declaration does not relate to the forbearance agreement that forms the basis for the $1.6 million in damages that Kurtz now claims on appeal. Whether the bankruptcy court abused its discretion in excluding the Fife declaration is therefore irrelevant to this appeal.

## VII.   CONCLUSION

In light of the foregoing, the Court **AFFIRMS** the bankruptcy court's judgment in favor of Defendant Alda Shelton.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                    _____

cc: Bankruptcy Court